José D. Rodríguez, Petitioner, *v.* District Court of Aguadilla, Respondent; R. Sancho Bonet, Treasurer of Puerto Rico, Intervener.

No. 7378. Argued March 29, 1938.—Decided July 30, 1938.

*José D. Rodríguez* and *Nicolás Lecároz Largé* for appellant. *B. Fernández García, Attorney General, César Andréu Ribas, Deputy Attorney General,* and *Carlos Santana Becerra* for intervener.

Mr. Justice Wolf delivered the opinion of the court.

We have before us an appeal from a decision of Associate Justice Martín Travieso, while acting in vacation, wherein he annulled a writ of certiorari previously issued. The entire proceeding arose out of an incident within the summary foreclosure of a mortgage by the Treasurer of Puerto Rico. There follows the statement of facts contained in Mr. Justice Travieso's opinion, which we adopt as our own:

"The Treasurer of Puerto Rico, as assignee of the Banco Industrial de Puerto Rico, brought summary foreclosure proceedings against José D. Rodríguez on a mortgage given by the defendant to secure a promissory note for $3,500 as principal, plus interest at 10 per cent annually, and $200 more, which note was originally given to the "Banco" and assigned by the latter to the plaintiff Treasurer.

"It is alleged in the complaint that the Treasurer is the owner and present holder of the note by delivery made by the Banco Industrial with the proper indorsement; that the original note is attached to the initial writing in order that the court might examine the same and determine the personality of the plaintiff in connection with said note; and that a copy of the instrument is affixed thereto. A copy of the promissory note filed with the clerk of the court on the same day in which the initial writing was filed appears attached to the original record sent up by the district court. There also appears attached to said record a copy of the mortgage deed containing in full the note secured by the mortgage, whose contents correspond exactly with those of the promissory note attached to the initial writing.

"The district court on July 9, 1936, issued a demand for payment which begins thus:

" 'In view of the initial writing filed by the plaintiff, of the papers attached thereto, and of the original of the promissory note for $3,500 subscribed by the defendant to the order of the Banco Industrial de Puerto Rico, and in view of the indorsement thereon, which has been filed on this day with the court by the plaintiff, etc.'

The marshal having served the demand for payment on the defendant, the latter on July 23, 1936, filed a motion to set aside the demand for payment on the following grounds:

"1. Because the original promissory note was not attached to the initial writing so that the said original promissory note may appear in the record as a justification for the issuance of the demand for payment.

''2. Because the indorsement on the promissory note is insufficient to convey to the plaintiff the ownership of said obligation.

''3. Because the signature at the foot of the indorsement has not been authenticated, nor is it shown that said signature was that of somebody entitled to indorse the instrument on behalf of the 'Banco.' ''

The lower court, by the corresponding order, denied the above motion, and this was the order affirmed by Judge Travieso when he annulled the writ.

The appellant once more insists, upon the same three grounds recited above, that the demand for payment (*auto de requerimiento*) should be annulled. We cannot agree with any of the contentions.

The first proposition was clearly and correctly disposed of in the opinion appealed from. We have little to add thereto. This was a summary foreclosure proceeding and as such should only be suspended for the reasons specified in section 175 of the Regulations for the Execution of the Mortgage Law. It is primarily the business of the district judge to satisfy himself of the sufficiency and validity of the documents before him when foreclosing a mortgage. From the record before us the presumption is strong and unrebutted that such magistrate actually had the original note before him and examined it. The debtor had a full opportunity to request its production anew by the petitioning creditor. He did not choose to do so, and we cannot gainsay the statement of a district judge on such a slim showing by the debtor. There is no requirement of law to the effect that a foreclosing creditor must leave the original of a mortgage note at all times in the hands of the clerk. The first error is therefore dismissed.

The third ground of the appeal was substantially covered by our opinion in the case of *Domenech, Treas.,* v. *Suau, Fiol & Co.,* 49 P.R.R. 738, wherein we intimated that the conclusion of the lower court with regard to the authenticity of the signature of the indorser should be accepted by

this court. Furthermore, as Judge Travieso states in his opinion, the appellant does not attack its authenticity or the authority of the indorser but merely questions whether it is genuine. We think the court was justified in assuming the validity of the indorsement. Any of the questions so far discussed may, of course, be fully raised and argued in a plenary suit.

The remaining error assigned concerns the sufficiency of the indorsement. This reads as follows:

"Interest on this obligation has been paid up to September 21, 1929.

" (There is a seal reading as follows)

> "BANCO INDUSTRIAL DE PUERTO RICO.
> "Per (Sgd.)     M. B. PÉREZ JR.
> Assistant Manager."

We agree with the opinion of Judge Travieso where it says:

"We hold that the indorsement in the present case, together with the possession of the credit and the production of the note with its indorsement, is sufficient compliance with the requirements of the Mortgage Law ''

In addition to that we are of the opinion that the distance between the signature and the note with regard to the interest payments raises a strong inference that the two are independent of each other or that the signature was placed thereon to cover both operations, i. e. to acknowledge the payments and transfer the title to the note. Anyway we are of the opinion that all of the objections raised by the appellant should more properly be discussed and decided in a plenary suit.

The judgment appealed from should be affirmed.

Mr. Justice Travieso and Mr. Justice De Jesús took no part in the decision of this case.